José Agustín Vincenty Martínez, promovente y apelado; Carmen Vázquez Sánchez, opositora y apelante; María de los Angeles Oxtos y Vincenty et al., opositores y apelantes.

Nos. 4273 y 4282.—*Sometidos:* Marzo 8, 1928. *Resueltos:* Junio 18, 1929.

*Luis Muñoz Morales y Ángel A. Vázquez, y Benet & Souffront,* abogados de la opositora y los opositores apelantes, respectivamente; *José Sabater,* abogado del apelado. .

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Juan Vincenty Ramos murió en la ciudad de Mayagüez el 4 de noviembre de 1926 estando casado en únicas nupcias con Carmen Vázquez Sánchez, sin haber tenido hijos con ella, sin ascendientes y sin haber otorgado testamento. Pocos días después José Agustín Vincenty Martínez, conocido por Agudo o Augusto Vincenty Martínez, presentó en la Corte de Distrito de Mayagüez una solicitud ex parte para que la corte lo declarase heredero *ab intestato* de Juan Vincenty Ramos y a su viuda en la cuota usufructuaria que le señala la ley, alegando a tal fin que es hijo natural de Juan Vincenty Ramos reconocido por él en el acta de su bautismo y corroborado por el permiso que le concedió para contraer matrimonio, así como por una escritura pública. Se opuso la viuda Carmen Vázquez Sánchez a que se hiciera esa declaración de herederos negando que el peticionario sea hijo natural reconocido de Juan Vincenty Ramos y alegando que su esposo no dejó a su muerte hijos legítimos ni naturales reconocidos, ascendientes, hermanos ni sobrinos legítimos ni hijos de éstos, por lo que solicitó ser declarada única heredera de su difunto esposo. También comparecieron en ese expediente varias personas de apellido Oxios Vincenty, como hijos legítimos de Ana María Vincenty hermana difunta de Juan Vincenty Ramos, y otras de apellido Vincenty Semidey como hijos legítimos de Marcelino Vincenty Ramos, hermano fallecido de Juan Vincenty Ramos, habidos en el matrimonio de su padre con Antonia Semidey, quienes se opusieron a las peticiones de José Agustín Vincenty Martínez negando que sea hijo natural reconocido de Juan Vincenty Ramos y también a la

petición de la viuda de ser declarada ella única heredera, y solicitaron ser declarados ellos herederos de Juan Vincenty Ramos y la viuda en la cuota usufructuaria que le señala la ley.

Celebrado el juicio correspondiente la corte de distrito dictó sentencia declarando herederos a José Agustín Vincenty Martínez como hijo natural reconocido de Juan Vincenty Ramos y también a la viuda Carmen Vázquez Sánchez en la cuota usufructuaria que le señala la ley, contra cuyo fallo interpusieron apelación la viuda y los sobrinos, las que han sido tramitadas separadamente pero cuya vista tuvo lugar en un solo acto y la resolvemos conjuntamente por la relación íntima que guardan entre sí ya que la cuestión fundamental en ambos es si José Agustín Vincenty Martínez ha probado ser hijo natural reconocido de Juan Vincenty Ramos, en cuyo caso ni los sobrinos ni la viuda tendrían derecho a esa herencia, excepto la última en cuanto a su cuota vidual fijada por la ley.

Como primer motivo de su recurso alega la viuda que la corte inferior erró en la apreciación de la prueba y que ésta es completamente insuficiente para declarar heredero del causante a José Agustín Vincenty Ramos, conocido por Augusto o Agudo Vincenty Martínez.

Hemos declarado en varias decisiones que el procedimiento para la declaración de herederos *ab intestato* de una persona fallecida que regulan los artículos 19 y 20 de la Ley de Procedimientos Legales Especiales no es el adecuado para obtener la declaración de ser una persona hijo natural reconocido del fallecido y que para poder tener éxito en él es necesario que exista un documento público y fehaciente en que conste tal reconocimiento, por lo que la cuestión fundamental en este caso es si existe un documento de esa naturaleza en que conste que el apelado fué reconocido como hijo natural de Juan Vincenty Ramos.

El causante de la herencia de que se trata contrajo

matrimonio con la apelante Carmen Vázquez Sánchez en el año 1898. Antes de esa fecha nació el apelado, y para probar que fué reconocido por Juan Vincenty Ramos como hijo natural suyo presentó en el juicio el acta de su bautismo que literalmente dice así:

"Parroquia de Nuestra Señora de Candelaria, Mayagüez, P. R. Inocente Colmenares Graña, Encargado del archivo Parroquial de Mayagüez, certifico: que en el libro 38 de bautismo al folio 188, se halla la partida siguiente: En la ciudad de Mayagüez a 4 de febrero de 1874, el presbítero don Clemente Seda, coadjutor de esta parroquia, bautizó solemnemente a un niño que nació el día 13 de agosto del año próximo pasado, a quien dió por nombre José Agustín, hijo reconocido, según documento, de don Juan Vincenty y de doña María Martínez; abuelos paternos Don Manuel Vincenty y Doña María Cruz Ramos, maternos don Simón Martínez y doña María Micaela Hernández. Fueron sus padrinos don Simón Rochet y doña María Matilde Charrón, a quienes advirtió el parentesco espiritual y obligaciones, de que certifico. (fdo.) Inocente Colmenares Graña, Escribiente. Vicario Pedro Gallardo, (fdo.) Luis J. Willinger, C. s.s., vicario de Mayagüez. (Sello parroquial pagado.)"

No se niega por las partes que el expresado asiento en los libros de esa parroquia sea auténtico y exacto en sus términos y toda la cuestión en la corte inferior y en esta apelación ha girado sobre si contiene el reconocimiento de José Agustín Vincenty Martínez como hijo natural de Juan Vincenty Ramos.

El vicario entonces de esa parroquia, Pedro Gallardo, que firmó el acta del bautismo, no solamente hizo constar en ella que el presbítero Clemente Seda, coadjutor de esa parroquia, administró el sacramento del bautismo al niño José Agustín, sino también que fué reconocido por Juan Vincenty Ramos como hijo natural suyo, según documento; y como todo eso consta en un documento que es auténtico porque así ha sido admitido por las partes y porque tiene tal carácter porque en el año 1874 eran los libros parroquiales de la Iglesia Católica donde constaba el estado civil de las personas, o sea, el nacimiento que se hacía constar en el acta del bautismo, el matri-

monio y la defunción, tenemos que llegar a la conclusión de que al hacer constar dicho vicario que el apelado fué reconocido como hijo natural, según documento, es porque tuvo ante sí tal documento conteniendo dicho reconocimiento. En consecuencia, dada la naturaleza de ese documento y su antigüedad de más de medio siglo tenemos que concluir que con el mismo probó el apelado su alegado reconocimiento, pues éste no es un caso en que el acta se limita a decir que el niño ha sido reconocido como hijo natural por determinada persona, sin expresar que el reconocimiento se ha hecho ante el sacerdote que autorizó el sacramento o sin que en él aparezca la firma del que hace el reconocimiento, como ha ocurrido en otros casos que hemos resuelto, pues el acta dice más, o sea, que fué reconocido según documento, y por tanto tenemos que aceptar bajo la fe del vicario que tal documento existió y que contenía dicho reconocimiento. En el caso de *Otero y Striker*, 26 D.P.R. 85, haciendo referencia al de *Iturrino* v. *Iturrino*, 24 D.P.R. 474, dijimos lo siguiente:

"Con anterioridad al año 1885 los curas párracos eran los encargados del registro civil y por ende funcionarios públicos, ante quienes se reconocían los hijos naturales, y bastaban sus certificaciones expedidas al efecto para acreditar el acto de reconocimiento. El clero constituyó un departamento del Estado hasta la fecha en que ocurrió el cambio de soberanía. Además, nuestras cortes de justicia 'se inclinan siempre a favor del hijo natural cuando el reconocimiento resulta claro y públicamente, cualquiera que pueda ser la forma en que se verifique, siempre que quede de él constancia auténtica y fehaciente.' "

A mayor abundamiento el apelado probó que en el mismo libro parroquial y en otros asientos contemporáneos se hicieron constar reconocimientos de hijos naturales "según documento" y que algunos de éstos han sido encontrados en el archivo parroquial firmados por el padre que reconoció y por uno o más testigos y que otros no han sido encontrados, estando entre éstos el del apelado; y por evidencia supletoria de un testigo que mereció entero crédito a la corte

inferior, sin que podamos decir que errara al hacer tal afirmación, probó también que se hizo en la parroquia ese documento reconociendo Juan Vincenty Ramos a José Agustín Vincenty Martínez como hijo natural suyo y que allí quedó ese documento.

En el caso de Otero y Striker, *supra,* en el que la partida de bautismo del peticionario decía que había sido reconocido como hijo natural por su padre ''según documento que obra en el archivo'' y en el que ese documento fué encontrado y presentado, revocamos la sentencia que le negó derecho a heredar como hijo natural reconocido.

El segundo motivo de la apelación es que la corte inferior erró al declarar que no fué impugnada en forma alguna la prueba del peticionario para demostrar su reconocimiento, pero carece de importancia que se impugnara o no, ya que aun habiendo sido impugnada siempre resulta que el apelado probó con documento público fehaciente ser hijo natural reconocido de Juan Vincenty Ramos.

Se alega por último que hubo error al aplicar a este caso la jurisprudencia establecida en el caso *Ex. parte de Otero,* 27 D.P.R. 345.

Al fundar la corte inferior la sentencia apelada citó el caso mencionado pero no se fundó solamente en él como dice la apelante, pues hizo citas de otras decisiones; pero aunque hubiera sido citado erróneamente esto no sería motivo para revocar la sentencia en vista de que está sostenida por las constancias de los autos.

En vista de la conclusión a que hemos llegado no es sostenible tampoco la apelación de los hermanos Vincenty Semidey y Oxios Vincenty porque el apelado como hijo natural reconocido de Juan Vincenty Ramos tiene derecho preferente a su herencia con respecto a los sobrinos de aquél.

La sentencia apelada *debe ser confirmada.*